21594

CITY OF CHESTER, Respondent, v. Naomi **ADDISON, et al.,** Appellants.

CITY OF CHESTER, Respondent, v. Doug ALLEN, Appellant

(Two Cases).
(284 S. E. (2d) 579)

*Glenn B. Manning,* Bennettsville, *for appellants Naomi Addison, et al.*

*Doug P. Allen, pro se.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser* and *Staff Atty. Wayne G. Carter, Jr.,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

November 12, 1981.

LEWIS, Chief Judge:

The convictions of appellants, thirty-six in number, in Chester City Recorder's Court for parading without a permit were subsequently affirmed by the circuit court on appeal. We also affirm.

Thirty-five of the appellants were by agreement tried together in Recorder's Court, while appellant Allen was separately tried at his request. Two appeals were filed, one involving the trial of the thirty-five defendants and the other the trial of defendant Allen. Separate appeals were also filed in this Court from the order of the circuit court affirming the convictions. While separate appeals were filed, they have been combined for purposes of argument and both will be disposed of in this opinion.

The appellants were arrested in the City of Chester on November 11, 1979, for parading without a permit in violation of Chester City Ordinance Section 27-201, *et seq.* In pertinent part this parade ordinance requires application for a permit to be submitted to the Mayor or City Council setting forth certain information. Thereupon the Mayor or City Council "shall, in his or its discretion, issue a permit subject to the public convenience and public welfare." Section 27-202, Chester City Ordinance.

By means of pretrial motions, the appellants attacked this ordinance as unconstitutional on its face. They further alleged that their arrests were the consequence of a discriminatory denial of a permit, their subsequent arrests becoming thereby infringements upon constitutionally protected freedoms of speech and association.

The trial court correctly determined that the Chester City ordinance is virtually identical to the ordinance which this Court upheld against similar attack in *Darlington v. Stanley*, 239 S. C. 139, 122 S. E. (2d) 207. In *Darlington* we held that the informational requirements of the ordinance harmonized with its aim of traffic regulation. We found that it was reasonable for authorities to seek to know the purpose of a march in order to anticipate any need for police protection. Finally, we held that the discretion granted to local authorities by such an ordinance was limited to the "safety, comfort and convenience of persons using the streets" and that local authorities could not under color of such an ordinance "act as censors of what is to be said or displayed in any parade." 239 S. C. 139, 147, 122 S. E. (2d) 207.

The instant case is wholly unlike the situation presented in *Shuttlesworth v. Birmington*, 394 U. S. 147, 89 S. Ct. 935, 22 L. Ed. (2d) 162. There an ordinance which included broad language concerning "decency", "good order", and "morals", and which had never before been construed by the State Supreme Court, was successfully attacked as unconstitutionally restraining the exercise of First Amendment freedoms without a narrow, objective and definite standard to guide official action. We hold, therefore, that the Chester City ordinance is constitutional on its face.

Appellants urge, however, that the ordinance was applied to them in a discriminatory manner. The record reveals that at the hearing the trial court received testimony and documents presenting sharply opposed views of the actions taken by Chester City Council leading to the instant arrests. The trial court found no discrimination, holding that the permit for November 11, 1979, was denied because of a previously scheduled Veterans' Day observance which would have conflicted with the proposed march by appellants. Strongly supporting this finding is the fact that parade permits were granted on at least three prior occasions to appellants through their representatives of the Southern Christian Leadership Conference and the Chester Movement for Justice, and one permit on December 1, 1979, which was subsequent to the denial of a permit to parade on the date in question.

We are called upon here to review the fact findings of a lower court made in response to motions preliminary to trial. As a general rule, appellate courts will be bound by such findings where there has been conflicting evidence or where the findings are supported by evidence and not clearly wrong or controlled by error of law. 5A C. J. S. *Appeal and Error,* Section 1643, p. 230. Such has been the practice of this Court. *State v. Jones,* 268 S. C. 227, 233 S. E. (2d) 287. Our review of the instant appeals convinces us that the trial court correctly weighed the evidence before it, and that its finding of no discrimination is in accordance with our understanding of that term. *Winter v. Pratt,* 258 S. C. 397, 408, 189 S. E. (2d) 7.

In addition to the foregoing, appellant Allen asserts that the trial court erred in a number of particulars. We find these exceptions to be without merit and the rulings of the trial court to have been in keeping with settled principles. These remaining exceptions are dismissed under our Rule 23.

Judgments affirmed.

LITTLEJOHN, NESS and HARWELL, JJ., concur.

GREGORY, J., not participating.