707 N.E.2d 617 (1999)
303 Ill. App.3d 95
236 Ill.Dec. 490
In re LIQUIDATION OF INTER-AMERICAN INSURANCE COMPANY OF ILLINOIS (Alabama Reassurance Company, Appellant and Cross-Appellee,
v.
Arnold Sutcher, Statutory Liquidator of Inter-American Insurance Company of Illinois, Appellee and Cross-Appellant).
No. 1-98-2508.
Appellate Court of Illinois, First District, Second Division.
February 2, 1999.
*618 William E. Snyder, Michael, Best & Friedrich, Chicago, for appellant.
Ellen G. Robinson, John H. Wickert, Robinson, Curley & Clayton, P.C., Mary Cannon Veed, Jessica Tovrov, Peterson & Ross, Peter G. Gallanis, Cathleen M. Travis, J. Kevin Baldwin, Office of the Special Deputy, Chicago, for appellee.
Justice COUSINS delivered the opinion of the court:
Appellant Alabama Reassurance Company (Alabama Re) had reinsurance contracts with a now-insolvent life insurance provider, Inter-American Insurance Company of Illinois (Inter-American). The contracts had broad arbitration clauses. Alabama Re disputes its alleged obligation to pay Inter-American's living policyholders the present net value of their policies. The liquidation court rejected Alabama Re's defense that it was not obligated under the contracts because they were executory and Inter-American's estate had rejected them. Alabama Re moved to compel arbitration of its remaining defenses. The court granted Alabama Re's motion, except as to the executory contract issue and a contract defense. Alabama Re appeals, contending that the trial court erred in excluding the contract defense from arbitration. The liquidator of Inter-American cross-appeals, contending that by contesting its ultimate liability in court Alabama Re has completely waived arbitration. The liquidator also claims that the trial court erred in refusing *619 to order the arbitration panel to set forth the reason for its decision in writing.
We affirm in part and reverse in part.

BACKGROUND
This case concerns the estate of Inter-American, an insolvent life insurance company domiciled in this state. Inter-American was ordered into liquidation on December 23, 1991, pursuant to the Illinois Insurance Code. 215 ILCS 5/1 et seq. (West 1994). The court appointed the Illinois Director of Insurance as liquidator and ruled that the liquidator was vested with all rights and funds recoverable under Inter-American's outstanding contracts.
Among these contracts were reinsurance treaties with a total value of over $60 million. Reinsurance contracts provide that an insurance company will cede a share of the premiums from its policies to another company (the reinsurer) and that the reinsurer will assume a proportional obligation to pay any claims from the policies. See generally 1 L. Russ & T. Segalle, Couch on Insurance ch. 9 (3d ed.1997). Two of Inter-American's reinsurance contracts were with Alabama Re, the appellant in this action. Alabama Re's contracts contained broad arbitration clauses.
The dispute between the parties centers on a certain class of Inter-American's policyholders: those who had policies that were reinsured by Alabama Re and who were still alive when Inter-American went into liquidation. In the jargon of this case, these persons are referred to as "policyholder Cs." The liquidator contends that the reinsurance contracts obligate Alabama Re to provide funds to compensate these policyholders for the value of the life insurance policies that they are losing. Alabama Re maintains that it is not so obligated.
One of the primary issues in the case thus far has been whether the reinsurance contracts were "executory." According to a widely accepted definition, a contract is executory if the "obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance to the other." V. Countryman, Executory Contracts in Bankruptcy, Part I, 57 Minn. L.Rev. 439, 460 (1973). Had the contracts been executory, the liquidator would have been required to elect between accepting or rejecting them. See Collier on Bankruptcy § 70.43 (14th ed.1978). Alabama Re argued that the liquidator implicitly rejected the contracts by failing to pay premiums on the policies and that, accordingly, the reinsurers were released from their obligations under them.
The question first came before the liquidation court when the liquidator petitioned for an order finding that the reinsurance contracts were not executory. Alabama Re intervened, along with Employers Reassurance Company (ERAC), the other reinsurance company that refused to settle, moving for a declaratory judgment that the contracts were executory and, thus, the reinsurance providers were not obligated under them.
The liquidator made a cross-motion for a declaratory judgment, once again requesting a finding that the contracts were not executory. The liquidator's position was that, although Inter-American had had an obligation before bankruptcy to continue to pay premiums on behalf of the policyholder C class, because of the statutorily mandated insolvency clause in the contract, once Inter-American became insolvent, its failure to pay those premiums would not excuse performance on the part of the reinsurance companies. Thus, the liquidator reasoned, the contracts did not fit under the definition of executory.
Before this dispute was resolved, Judge Hofert, who had been overseeing the case up to that point, retired. He was replaced by Judge McBride. After hearing arguments, Judge McBride granted the liquidator's motion and denied Alabama Re's motion. Judge McBride's oral ruling on the cross-motions for declaratory relief reads:
"[O]n the last court date the attorneys had an opportunity to address the court, and I have had an opportunity to review all of the pleadings on file relating to the cross-motions, the cases, the authority.

*620 Having reviewed all of that, I'm going to grant the liquidator's request for declaratory relief, and I find that the contracts are not executory.
Although the liquidator asked for alternative relief, I'm finding today that the contracts are not executory.
I'll enter an order to that effect, and those obligations at the time, as of the date of liquidation, are going to be recoverable.
So that is the order. It may be written up as such. And that is based upon the authority, and I find that the authority cited by the liquidator is more persuasive, and in particular, In Re: Sudbury. So that will be the order today."
Alabama Re asked Judge McBride to certify her ruling for interlocutory review, which she refused to do, on the grounds that her ruling was not a final order. Alabama Re appealed her decision to this court. We agreed with Judge McBride and dismissed for lack of appellate jurisdiction. At this point Judge McBride left the case and another judge, Judge Riley, took over.
Alabama Re then moved to compel arbitration of the remaining issues. The liquidator opposed this motion, arguing that Alabama Re had waived its contractual right to arbitration by contesting the ultimate issue of its liability before the liquidation court. The court granted Alabama Re's motion to compel arbitration but specified certain issues that the arbitrators would not be permitted to decide. One was whether the contracts were executory; another concerned the interpretation of the word "benefits" in the contract.
Alabama Re made an interlocutory appeal, arguing that Judge Riley clearly erred in deciding that, alone of its contract defenses, Alabama Re had raised, and thereby waived, the "benefits" issue before Judge McBride. The liquidator cross-appealed, arguing that Judge Riley clearly erred in deciding that Judge McBride had not had the entire policyholder C dispute before her when she made her ruling on the cross-motions for declaratory relief. The liquidator also contended that Judge Riley erred in not requiring the arbitration panel to set forth in writing the basis for any award it made.

ANALYSIS

I
Both parties agree that the federal Arbitration Act (9 U.S.C. § 1 et seq. (1988)) (the Act) governs this case. Under the Act, the decision of whether a party has waived arbitration is reviewed under the clear error standard. St. Mary's Medical Center v. Disco Aluminum Products Co., 969 F.2d 585, 588 (7th Cir.1992). The liquidator contends that the trial court committed clear error in ruling that Alabama Re had not waived arbitration of all issues in the policyholder C dispute. We disagree.
The liquidator maintains that the waiver occurred during the cross-motions for declaratory relief. These motions primarily concerned the "executory contract issue" and the method for valuing policyholder C claims. The trial court had adopted the liquidator's proposed method of valuation. When Judge McBride took over, Alabama Re submitted a motion to her expressing its continuing objections to the liquidator's procedure for valuing the policies in question. For this reason, when the liquidator shortly afterwards filed his cross-motion for declaratory judgment, he included, along with the prayer for a judgment that the contracts were not executory, a request that the court reaffirm that his method of valuation had been adopted by the court.
The liquidator's motion asked for a declaration that Alabama Re and ERAC were:
"liable to the estate of Inter-American for the reinsured portions of the claims of Inter-American's policyholders as evaluated under the valuation methodology approved by this Court on September 8, 1994; and [the liquidator] renews his motion filed November 16, 1993, for a declaration that the reinsurance treaties are not executory contracts that can be assumed or rejected in the circumstances of this case; and moves further that the Court deny the motions of Alabama Re and ERAC for a contrary ruling."
Based on the wording of the liquidator's motion, it might appear that by granting it Judge McBride established Alabama Re's ultimate *621 liability. After all, part of the motion requests that Alabama Re be found "liable." Thus, the argument would go, Alabama Re cannot again challenge its liability in arbitration when it has already been established in court. For the following reasons, we do not find this argument persuasive.
As an initial matter, we believe that the court did not intend its ruling to establish Alabama Re's ultimate liability, but, rather, only that the contracts were not executory and that the liquidator's proposed method of valuation had been adopted. Judge McBride's written order gave as its basis "the reasons stated in court" in her oral ruling. Judge McBride in her oral ruling did not refer to the order as deciding anything but the executory contracts issue. Further, the very fact that the court granted Alabama Re's motion to compel arbitration of at least some of its contract defenses is inconsistent with the notion that the court intended the order granting the liquidator's motion for declaratory judgment to establish conclusively that Alabama Re was liable.
The case upon which Judge McBride primarily relied was In re Sudbury, Inc., 153 B.R. 776 (N.D.Ohio 1993). In Sudbury, a company went bankrupt while it owed retroactive insurance premiums. The court ruled that the insurance policies of the insolvent company were executory contracts. The significance of the ruling was whether the insurance company would get preferred status among the insolvent's creditors; it was not whether the insurance company would have to compensate the bankrupt's estate for the value of immature claims. We believe that the holding in Sudbury is only germane to the executory contract issue in this case.
Furthermore, and more fundamentally, the liquidator is challenging Alabama Re's right to arbitrate on the basis of waiver, not collateral estoppel. Under the Act, waiver of the right to arbitrate depends on the conduct of the party who is alleged to have waived that right. Morrie Mages & Shirlee Mages Foundation v. Thrifty Corp., 916 F.2d 402, 405 (7th Cir.1990); Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 131 (2d Cir.1997). Accordingly, even if the court had intended that its ruling establish ultimate liability, this would not act as a waiver. The parties agree that, "[r]egardless of what Judge McBride is thought to have decided, whether Alabama Re waived the right to arbitrate must hinge solely on its own actions."
The decisive question, accordingly, is whether Alabama Re litigated the "benefits" issue or the other contractual defenses before the liquidation court. Alabama Re's motion for a declaratory judgment requested a finding that "[t]he reinsurance agreements between Alabama Re and Inter-American Insurance Company of Illinois (`Inter-American') were executory contracts that the Liquidator has rejected" and that, "[b]ecause the Liquidator has rejected the reinsurance agreements, he may assert against Alabama Re only whatever indemnification rights that Inter-American had prior to the entry of the liquidation order." Alabama Re's argument was that since Inter-American did not have the right to collect on policyholder C policies before its liquidation, the liquidator, having rejected those contracts, could not do so now.
The liquidator contends that Alabama Re has thus put the ultimate issue of its liability on policyholder C claims before the court and waived arbitration of the entire dispute. We disagree.
In raising the executory contract issue, Alabama Re put forth one defense that it claimed fully protected it from obligations to Inter-American regarding policyholder Cs. Had Alabama Re been correct, a ruling in its favor on this defense would have merited a finding that it was not liable on the policyholder C claims. It is not uncommon for a defendant to have more than one ground upon which it may avoid liability. But the fact that any of those grounds might serve as a complete defense does not render them one issue.
Alabama Re stated in its motion that the grounds on which it was requesting a finding of no liability was that these were executory contracts that had been rejected. It did not raise other grounds for such a ruling. Its motion focused on whether the contracts were executory rather than the substance of the contracts themselves.
*622 Of course, a sharp line cannot be drawn between interpreting a contract and determining whether it is executory. A contract is executory if the "obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance." 57 Minn. L.Rev. at 460. In order to determine if there are material obligations yet to be performed, one must do some interpretation of the contract. In this case, it was necessary in particular to consider the insolvency clause. The point, however, is that Alabama Re did not raise any contract interpretation issues beyond what was necessary to determine whether the contracts were executory.
The liquidator points to statements by Alabama Re's attorneys that, he claims, show that Judge McBride's ruling concerned the entire dispute over policyholder Cs rather than just the executory contracts issue. It is true that, in arguing the issue of appellate jurisdiction before Judge McBride and this court, Alabama Re made statements that could, but do not necessarily, imply this. It is also true, however, that the liquidator at this point in the litigation contended that the issue of whether Alabama Re would have to "write a check" for the policyholder Cs had not yet been determined and that there remained contractual matters that Alabama Re might wish to arbitrate.
Both parties characterized Judge McBride's ruling somewhat differently in the prior appeal than they do now. The same record, however, is presented to us, and we conclude once again that the cross-motions for declaratory relief concerned "whether the reinsurance contracts were executory contracts that the liquidator had assumed or rejected," and that Judge McBride's ruling was not a final determination of the parties' rights regarding a distinct matter, such as the policyholder C dispute. In re Liquidation of Inter-American Insurance Co., Nos. 1-95-4303 & 1-93-4363, cons., slip op. at 4, 284 Ill.App.3d 1112, 237 Ill.Dec. 232, 708 N.E.2d 1272 (1996)(unpublished order under Supreme Court Rule 23). As we stated in the order dismissing for lack of jurisdiction, "the declaration that the reinsurers may be liable for payment with respect to certain policyholders' claims does not finally resolve whether the reinsurers will be required to make the performance." In re Liquidation of Inter-American Insurance Co., slip op. at 11 (unpublished order under Supreme Court Rule 23).
The liquidator points out that the seventh circuit has held that "an election to proceed before a nonarbitral tribunal for the resolution of a contract dispute is a presumptive waiver of the right to arbitrate." Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir.1995). However, the Cabinetree court also held that some situations were not subject to this presumptionsituations in which invocation of the judicial process "does not signify an intention to proceed in a court to the exclusion of arbitration." Cabinetree, 50 F.3d at 390. One such situation is that in which some issues are arbitrable and others are not. Cabinetree, 50 F.3d at 391. The liquidator and Alabama Re agree that the executory contract issue was not arbitrable. Thus, Alabama Re could only have raised it in liquidation court. The parties also agree that, at least before the alleged waiver, there were arbitrable issues. The fact that Alabama Re litigated and lost one complete defense does not entail waiver of its right to arbitrate other clearly distinct defenses where, as here, the one defense is not arbitrable and the others are. As one leading treatise says with regard to reinsurance contract disputes: "[T]he presence of a nonarbitrable issue does not, per se, preclude arbitration of those issues that are arbitrable." 1 L. Russ & T. Segalle, Couch on Insurance § 9:33, at 9-48 (3d ed.1997).
In establishing waiver of a contractual right to arbitrate, "[t]he essential question is whether, based on the circumstances, the alleged defaulting party has acted inconsistently with the right to arbitrate." St. Mary's Medical, 969 F.2d at 588. In this case, Alabama Re indicated early on that it wished to bring some issues to arbitration. The liquidator argues that by bringing up its liability at all, Alabama Re has waived arbitration of the entire dispute. The primary *623 case that the liquidator cites to support his contention, Midwest Window Systems, Inc. v. Amcor Industries, Inc., 630 F.2d 535 (7th Cir.1980), however, did not involve a combination of arbitrable and nonarbitrable issues. What constituted the waiver in Midwest Window was the choice to litigate over certain promissory notes instead of going to arbitration. Midwest Window, 630 F.2d at 537. In this case, Alabama Re did not have a choice of whether to raise the executory contracts issue in court or before an arbitrator; all parties agreed that the issue was nonarbitrable.
Cabinetree implies that to bring a nonarbitrable issue into court does not, without more, constitute action inconsistent with the right to arbitrate an arbitrable issue. The liquidator has not cited authority providing for an exception to this rule when the nonarbitrable issue may be a complete defense. Accordingly, we have no basis to overturn the trial court's resolution of this issue.

II
Alabama Re contends that the trial court clearly erred by precluding it from arbitrating the benefits issue. We agree.
The benefits issue deals with the interpretation of the reinsurance contracts. The question is whether claims such as those of the policyholder Cs are among the "benefits" that Alabama Re agreed to pay for Inter-American. This is not the same as the executory contracts issue. The contracts could be executory and the policyholder C claims not fit under the contract's definition of "benefits" and visa versa. Moreover, the trial court indicated that the issues were different by listing them separately in its order compelling arbitration. Accordingly, Alabama Re's raising the executory contract issue should not entail waiver of the benefits issue.
The court ruled that, alone of its contract defenses, Alabama Re could not arbitrate the benefits issue. Neither the trial court nor the liquidator has given a reason why this contract defense in particular should not be allowed into arbitration. It is not clear on what basis it would be waived, for the issue is mentioned neither in Alabama Re's motion for declaratory judgment nor in the supporting memorandum. The parties did not discuss it in oral argument before Judge Riley on the motion to compel arbitration. Alabama Re merely mentions it in its brief in support of the motion to compel arbitration as one of two possible contract defenses it might have. While the liquidator contends that Alabama Re, in its motion for declaratory relief, put at issue the entire policyholder C dispute, we find no support for this contention in the record.
The text of Judge Riley's ruling might create the impression that the ruling is based on collateral estoppel. Judge Riley stated that "[apparently Judge McBride ruled that the policy C claims would be recoverable. Hence it appears that Alabama Reassurance Company's liability as to policyholder C claims has been resolved." Collateral estoppel does not provide adequate grounds to sustain the ruling, however. To be collaterally estopped from raising an issue, the identical issue must have been decided in a previous adjudication. St. Paul Fire & Marine Insurance Co. v. Downs, 247 Ill.App.3d 382, 386, 187 Ill.Dec. 130, 617 N.E.2d 338, 341 (1993). Since the previous adjudication did not decide the precise benefits issue, collateral estoppel does not apply. Notably, the liquidator has not even attempted to defend the collateral estoppel rationale.
The contracts between Inter-American and Alabama Re contained broad arbitration clauses, which, under the Act, the court has a duty to enforce. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 225-26, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185, 193 (1987). Given the trial court's ruling that Alabama Re had not waived its right to arbitrate its contract defenses in general, it was clear error to single out this particular defense as waived when Alabama Re did not bring it before the court.

III
Finally, the liquidator contends that the trial court erred in not ordering the arbitration panel to set out in writing the grounds for any decision it reached. Arbitrators generally are not required to set *624 forth reasons for their awards. Meharry v. Midwestern Gas Transmission Co., 103 Ill. App.3d 144, 146, 58 Ill.Dec. 887, 430 N.E.2d 1138, 1140 (1981). To require arbitrators to state the reasons for their decisions "would serve only to perpetuate the delay and expense which arbitration is meant to combat." Eljer Manufacturing, Inc. v. Kowin Development Corp., 14 F.3d 1250, 1254 (7th Cir. 1994). Such a ruling would in effect defeat the purpose of Alabama Re's exercising its contractual right to arbitration. Under the circumstances of this case, we find that the trial court made the correct decision.
We therefore reverse in part the June 25, 1998, order to compel arbitration by striking therefrom paragraph 2(a), which precludes the arbitration panel from considering whether policyholder claims allowed by the liquidation court against the estate of Inter-American are benefits covered by the contract.
Affirmed in part and reversed in part.
RAKOWSKI and McNULTY, JJ. concur.