PER CURIAM.
We affirm an order denying Appellant’s motion to compel arbitration. We find no abuse of discretion in the trial court’s conclusion that Appellant waived arbitration by pursuing the litigation in the trial court from the time its amended complaint seeking mon *366 ey damages was filed in January 1996, through its motion to compel arbitration filed in March 1998. In the interim, Appellant had obtained a default and default judgment, subsequently set aside, engaged in discovery, litigated the motion to vacate, responded to Appellees’ discovery, and filed motions. See Owens & Minor Med., Inc. v. Innovative Mktg. and Distribution Servs., Inc., 711 So.2d 176 (Fla. 4th DCA 1998); Bonner v. RCC Assocs., Inc., 679 So.2d 794 (Fla. 3d DCA 1996); Morex Consolidators Corp. v. Industry Shipping & Commerce, Inc., 626 So.2d 989 (Fla. 3d DCA 1993); Hardin Int’l, Inc. v. Firepak, Inc., 567 So.2d 1019, 1020 (Fla. 3d DCA 1990).
STONE, C.J., WARNER and FARMER, JJ., concur.