521 S.E.2d 749

**LIBERTY BUILDERS, INC., Appellant,**

v.

**Barbara C. HORTON, as Personal Representative
of the Estate of William Gregory Horton,
and Andrew G. Horton, Respondents.**

**Liberty Builders, Inc., Third–Party Plaintiff,**

v.

**Triple E. Sales and Surplus, Inc., d/b/a Jefferson
Lumber Company, and USCO, Incorporated,
Third–Party Defendants.**

**No. 3039.**

Court of Appeals of South Carolina.

Heard June 6, 1999.

Decided Aug. 23, 1999.

Rehearing Denied Nov. 6, 1999.

---

Lex A. Rogerson, Jr., of Lexington, for appellant.

James I. Redfearn, of Chesterfield, for respondents.

HEARN, Judge:

This is an appeal from an order denying a motion to stay this action pending arbitration. We affirm.

## FACTS

On July 27, 1993, Liberty Builders, Inc. contracted to build a house for William Gregory Horton and Andrew G. Horton. The construction contract provided for arbitration as follows: "All disputes hereunder shall be resolved by binding arbitration in accordance with rules of the American Arbitration Association."[1] Disputes arose near the end of construction regarding certain change orders. When the Hortons refused to pay for these changes, Liberty filed for a mechanics' lien. Liberty then filed this action to foreclose on that mechanics' lien on January 31, 1995.

Liberty amended its complaint on November 2, 1995. The Hortons answered and counterclaimed on March 19, 1996. Because the Hortons' counterclaim alleged Liberty used defective materials in construction, Liberty brought a third-party suit against suppliers on March 29, 1996. The third-party suit was dismissed pursuant to a consensual summary judgment, and the complaint was again amended in late 1997 to include a cause of action for breach of contract.

The parties pursued this litigation for two and one-half years before Liberty moved, on June 5, 1997, to stay the circuit court action in favor of arbitration. In an order filed February 23, 1998, the circuit judge concluded Liberty's delay prejudiced the Hortons and Liberty therefore waived its right to arbitrate. Liberty appeals.[2]

---

**1.** The circuit judge found, and Liberty concedes, the arbitration clause failed to conform to the South Carolina Uniform Arbitration Act's requirements. However, the circuit judge concluded the Federal Arbitration Act could have applied to enforce the arbitration clause if Liberty had not waived its right to compel arbitration.

**2.** An order refusing to stay an action pending arbitration or compel arbitration is immediately appealable. 9 U.S.C.A. § 16(a)(1)(A) & (C) (1999); S.C.Code Ann. § 15–48–200(1) & (2) (Supp.1998).

## DISCUSSION

Liberty contends the circuit judge erred by finding Liberty waived its right to arbitrate arguing the parties contractually stipulated that participation in litigation would not be deemed a waiver. We disagree and hold the circuit judge correctly ruled that Liberty waived its right to arbitrate.

### Standard of Review

■ While we found no South Carolina case specifically addressing the standard of review applicable to an order denying a motion to stay an action pending arbitration, we believe the circuit judge's factual findings should be given some deference. This conclusion accords with the standard of review applied in other pretrial motions. *See, e.g., City of Chester v. Addison,* 277 S.C. 179, 182, 284 S.E.2d 579, 580 (1981) (reviewing an appeal from a pretrial motion attacking a city ordinance's constitutionality and stating: "As a general rule, appellate courts will be bound by [the factual findings of a lower court made in response to motions preliminary to trial] where there has been conflicting evidence or where the findings are supported by evidence and not clearly wrong or controlled by error of law."), *cited in Askins v. Firedoor Corp. of Florida,* 281 S.C. 611, 615, 316 S.E.2d 713, 715 (Ct.App. 1984) (reviewing a trial court's personal jurisdiction assessment and noting that "as a general rule, appellate courts will be bound by the factual findings of the trial court made in response to motions preliminary to trial where there has been conflicting evidence").

Other jurisdictions have specifically addressed the issue of what standard of review to apply to a trial judge's findings on motions to stay litigation and compel arbitration, arriving at different, but nonetheless deferential, standards. The federal courts decide motions to stay under the Federal Arbitration Act. 9 U.S.C.A. § 3 (1999). "The federal circuits are united in holding that the *ultimate* determination of waiver is reviewed de novo, as a matter of law," but the factual findings of the lower court are accorded some deference and reviewed for substantial evidence, a standard analogous to the clear error test. *J.L. Steele v. Lundgren,* 85 Wash.App. 845, 935 P.2d 671, 674 (1997) (emphasis added); *see also Baltimore & Ohio Chicago Terminal R. Co. v. Wisconsin Cen. Ltd.,* 154 F.3d

404, 408 (7th Cir.1998) (noting an appellate court may only reverse a district court's ruling on a demand for arbitration when the district court acts unreasonably), *cert. denied,* —— U.S. ——, 119 S.Ct. 1254, 143 L.Ed.2d 351 (1999); *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1159 (5th Cir.1986); *In re Liquidation of Inter-American Ins. Co. of Ill.,* 303 Ill.App.3d 95, 236 Ill.Dec. 490, 707 N.E.2d 617, 620 (1999) ("Under the [Federal Arbitration] Act, the decision of whether a party has waived arbitration is reviewed under the clear error standard." (citing *St. Mary's Med. Ctr. v. Disco Alum. Prods. Co.,* 969 F.2d 585, 588 (7th Cir.1992))).

The state courts have generally followed the federal courts.[3] *See, e.g., D.M. Ward Constr. Co. v. Electric Corp. of Kansas City,* 15 Kan.App.2d 114, 803 P.2d 593, 597 (1990) (citing federal cases to support the standard of review used in Kansas state courts); *J.L. Steele,* 935 P.2d at 674 n. 5 (citing federal cases to support the standard of review used in Washington state courts). The most widely accepted standard of review for decisions on motions to stay litigation and compel arbitration is best stated as follows: " '[A] finding that a party has waived its right to arbitration is a legal conclusion subject to our plenary review, but ... the findings upon which the conclusion is based are predicate questions of fact, which may not be overturned unless clearly erroneous.' " *D.M. Ward Constr.,* 803 P.2d at 597 (quoting *Price,* 791 F.2d at 1159).[4]

---

**3.** In addition to applying state statutory schemes, state courts must apply the Federal Arbitration Act (FAA) when a contract affects interstate commerce. *See, e.g., Soil Remediation Co. v. Nu–Way Envtl., Inc.,* 323 S.C. 454, 459–60, 476 S.E.2d 149, 152 (1996) ("If the arbitration agreement in the instant controversy is covered by the FAA, then ... the FAA preempts S.C.Code Ann. § 15–48–10(a).... For the Federal Act to apply, the commerce involved in the contract must be interstate or foreign.").

**4.** *See also Central Nat'l Ins. Co. of Omaha v. Lerner,* 856 S.W.2d 492, 494 n. 1 (Tex.App.1993) ("[O]n appeal of a denial of a motion to compel arbitration, a determination that a party has waived its right to compel arbitration is a question of law subject to de novo review. On the other hand, a trial court's finding of prejudice to support that finding will not be overturned unless it is clearly erroneous." (citations omitted)); *Chandler v. Blue Cross Blue Shield of Utah,* 833 P.2d 356, 360 (Utah 1992) (discussing the applicable standard of review of a trial court's ruling that a party waived its right to arbitrate and holding "the finding of the existence of substantial participation and the finding of the

Some jurisdictions employ different language in defining the applicable standard of review yet grant similar deference to a lower court's findings. *See Engalla v. Permanente Med. Group, Inc.*, 15 Cal.4th 951, 64 Cal.Rptr.2d 843, 938 P.2d 903, 923 (1997) ("Whether there has been a waiver of a right to arbitrate is ordinarily a question of fact, and a finding of waiver, if supported by sufficient evidence, is binding on an appellate court." (internal citations omitted)); *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 597 P.2d 290, 300 (1979) (holding a factual determination that a party intentionally waived its right to arbitrate should be affirmed if supported by substantial evidence); *Dallas Cardiology Assocs. v. Mallick*, 978 S.W.2d 209, 212 (Tex.App.1998) ("[W]e review the trial court's decision under a 'no evidence' standard.").

Still other jurisdictions make no explicit distinction between the ultimate legal question of waiver and the underlying factual findings of prejudice. *See, e.g., Shultz v. Lujan*, 86 Hawai'i 137, 948 P.2d 558, 560 (1997) ("A lower court's ruling on a motion to compel arbitration is reviewed de novo."); *Wesley Retirement Servs., Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22, 29 (Iowa 1999) (finding the state statutory scheme mandatory with no district court discretion and thus only reviewing "for correction of errors of law").[5]

A final group of jurisdictions apply the strictest standard of review and require the reviewing court to accept the trial

---

existence of prejudice are factual in nature ... [and] should be reviewed as factual determinations." (footnotes omitted)); *J.L. Steele*, 935 P.2d at 674 ("[W]e review [factual findings] for substantial evidence, which is analogous to the 'clear error' test applied by the federal courts. We review the determination of waiver de novo....").

**5.** *See also Nettleton v. Edward D. Jones & Co.*, 904 S.W.2d 409, 411 (Mo.Ct.App.1995) ("We review a question of waiver de novo."); *Iwen v. U.S. West Direct*, 977 P.2d 989, 993 (Mont.1999) ("A district court's order compelling arbitration is subject to de novo review."); *Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.*, 947 P.2d 594, 596 (Okla.Civ.App.1997) ("The appellate court reviews the 'grant or denial of a motion to compel arbitration de novo, applying the same legal standard employed in the district court.'" (internal citation omitted)); *Jacob v. West Bend Mut. Ins. Co.*, 203 Wis.2d 524, 553 N.W.2d 800, 806 (1996) ("We decide whether waiver applies to the facts of this case as a matter of law."). Most of these cases did not involve challenges to the factual findings of the lower court. Furthermore, not all jurisdictions require prejudice to establish waiver.

court's findings and decision unless it amounts to an abuse of discretion.[6] *See Companion Life Ins. Co. v. Whitesell Mfg., Inc.*, 670 So.2d 897, 899 (Ala.1995) (applying an abuse of discretion standard to review the trial court's order denying Companion's motion to compel arbitration); *Brooks v. Cigna Prop. & Cas. Cos.*, 299 Ill.App.3d 68, 233 Ill.Dec. 344, 700 N.E.2d 1052, 1054 (1998) ("The standard is whether the trial court abused its discretion in granting or denying the motion to compel."); *Kostakos v. KSN Joint Venture No. 1*, 142 Ill.App.3d 533, 96 Ill.Dec. 862, 491 N.E.2d 1322, 1325 (1986).[7]

We now join the majority of jurisdictions granting deference to a circuit judge's factual findings made when deciding a motion to stay an action pending arbitration. We acknowledge that determining whether a party waived its right to arbitrate is a legal conclusion subject to de novo review; nevertheless, the circuit judge's factual findings underlying

---

**6.** Some courts applying the abuse of discretion standard are addressing a petition for writ of mandamus which already utilizes an abuse of discretion standard of review. *See Ex parte Parker*, 730 So.2d 168, 170 (Ala.1999) ("A petition for a writ of mandamus is the proper means by which to challenge a trial court's order *granting* a motion to compel arbitration. We review an order granting or denying a motion to compel arbitration under an abuse-of-discretion standard." (citation omitted) (emphasis added)); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 705 (Tex.1998) (conditionally granting a writ of mandamus and holding "the trial court abused its discretion by holding that Terminix's 1994 participation in the lawsuit waived its right to enforce the arbitration clause").

**7.** *See also Saxon Fin. Group, Inc. v. Goodman*, 728 So.2d 365, 365–66 (Fla.Dist.Ct.App.1999) ("We find no abuse of discretion in the trial court's conclusion that Appellant waived arbitration by pursuing the litigation in the trial court from the time its amended complaint seeking money damages was filed in January 1996, through its motion to compel arbitration filed in March 1998."); *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 701 N.E.2d 1040, 1043 (1997) ("[C]learly the trial judge in the present case had the discretion to determine whether to sustain or overrule Crane's motion for stay of proceedings and referral to arbitration. Therefore, we must review the action under the abuse of discretion standard."); *Goldstein v. Depository Trust Co.*, 717 A.2d 1063, 1065 (Pa.Super.Ct.1998) ("Our review of DTC's claim of the improper denial of its petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether it abused its discretion in denying the petition."), *appeal denied*, 558 Pa. 609, 736 A.2d 605 (1999).

that conclusion will not be overruled if there is any evidence reasonably supporting them.[8]

## Law/Analysis

It is generally held that the right to enforce an arbitration clause may be waived. *Hyload, Inc. v. Pre–Engineered Prods., Inc.*, 308 S.C. 277, 280, 417 S.E.2d 622, 624 (Ct.App.1992) ("A party may waive the right to arbitrate given by a contract."); *Cencula v. Keller*, 152 Ill.App.3d 754, 105 Ill.Dec. 712, 504 N.E.2d 997, 999 (1987); *Home Gas Corp. of Mass., Inc. v. Walter's of Hadley, Inc.*, 403 Mass. 772, 532 N.E.2d 681, 683 (1989). *But see Goldstein*, 717 A.2d at 1066 ("If a valid arbitration agreement exists between parties and appellant[']s claim is within the standard of the agreement, the controversy must be submitted to arbitration." (citations omitted)). "Waiver is the voluntary and intentional relinquishment of a known right." *Provident Life & Accident Ins. Co. v. Driver*, 317 S.C. 471, 478, 451 S.E.2d 924, 929 (Ct.App.1994).

In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration. *Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 351, 338 S.E.2d 631, 634 (1985). "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Hyload, Inc.*, 308 S.C. at 280, 417 S.E.2d at 624.

The circuit judge found Liberty's delay in asserting its right to arbitrate prejudiced the Hortons.[9] We agree.

The Hortons were forced to answer Liberty's complaint and respond to discovery in the circuit court, most of which would not have been necessary or available if Liberty had pursued

---

**8.** This conclusion accords with the standard of review employed by South Carolina courts when reviewing other preliminary trial motions. *See, e.g., City of Chester*, 277 S.C. at 182, 284 S.E.2d at 580; *Askins*, 281 S.C. at 615, 316 S.E.2d at 715.

**9.** Even members of the American Arbitration Association's Panel of Arbitrators for Construction Industry Disputes concede prejudicing a party warrants finding a waiver. *See* Robert M. Wright & Howard D. Venzie, Jr., *Arbitration Waiver by Judicial Proceedings and the Effect of the Construction Industry: Arbitration Rules of the American Arbitration Association*, 8–APR Constr.Law. 5, 35 (1988) ("Waiver should not be found unless there is an obvious ... prejudice to one of the parties.").

arbitration. The circuit judge found "[o]n approximately forty occasions, the parties over the years have sought assistance from the Court including but not limited to motions to amend, compel, dismiss, add parties and to restore under SCRCP 40(j)." The delays in resolving these issues and the attorney fees incurred by the Hortons during this lengthy litigation were sufficient to support the circuit judge's finding of prejudice. Liberty's delay in demanding arbitration until the litigation was nearly complete not only prejudiced the Hortons but enabled Liberty to "test the water before taking the swim." *Home Gas Corp. of Mass., Inc.,* 532 N.E.2d at 685 (citations omitted).

In response to the waiver contention, Liberty cites the American Arbitration Association rules which were incorporated into the parties' contract and provide that "[n]o judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." Rule 48(a), Construction Industry Arbitration Rules of the American Arbitration Association. While this rule may appear to preserve the right to arbitrate even in the face of litigation,[10] it has not been interpreted so broadly. A California appellate court recently explained:

> Among the difficulties we have with [the argument that this rule preserves the right to arbitrate notwithstanding extensive discovery and litigation] is the fact that no other court has accepted such an expansive interpretation of the AAA rule. At most, the courts which have addressed the issue have held that AAA's "no waiver" rule means that participation in a judicial proceeding, will not by itself give rise to a waiver. Indeed, one court has expressly held that a "no waiver" rule does not prevent a waiver where participation in a judicial proceeding has caused prejudice to an adversary.

*McMillin Dev., Inc. v. Home Buyers Warranty,* 68 Cal. App.4th 896, 80 Cal.Rptr.2d 611, 617 (1999) (citations omitted).

---

**10.** *See generally* Wright & Venzie, *supra* note 8, at 35 ("Construction Industry Rules are an important tool which should be fully used by counsel in attempting to [arbitrate] the merits *regardless of the pretrial stage to which the judicial proceedings may have advanced.*" (emphasis added)).

■ We agree with this interpretation of the AAA rule and hold the right to arbitrate can be waived even in the face of a no-waiver provision. Liberty's decision to file suit, participate in pretrial discovery, and engage in procedural maneuvering for two and one-half years is sufficient to support the trial court's finding of waiver. *See WorldSource Coil Coating, Inc. v. McGraw Constr. Co.,* 946 F.2d 473, 477 (6th Cir.1991) ("We conclude that McGraw's action in state court seeking a preliminary and permanent injunction and compensatory and punitive damages indicates an abandonment of the right to compel arbitration and that McGraw's right to arbitrate is not saved by the terms of the contract or by the rules of the arbitration agency."); *United Nuclear Corp.,* 597 P.2d at 298, 306 (upholding the trial court's waiver determination where the defendant's answer did not raise the issue of arbitration as an affirmative defense, nor did it ask for a stay in the proceedings for the purpose of demanding arbitration, and the parties conducted extensive discovery and pretrial motions with interlocutory appeals for two and one-half years before the defendant demanded arbitration).

Liberty attempts to justify its initial resort to the court system by contending the time constraints imposed by the mechanics' lien statute required instigating a court action to preserve its rights.[11] However, when Liberty contracted with the Hortons, it agreed to resolve "all disputes hereunder" through binding arbitration. This language is broad enough to encompass Liberty's dispute regarding payment by the Hortons. Thus, we do not believe that Liberty was required to institute this suit in order to obtain payment. Furthermore, rather than pursue litigation for two and one-half years, Liberty could have immediately filed a motion to stay its suit and compel arbitration in order to protect its arbitration rights while complying with the time requirements for mechanics' lien.

11. S.C.Code Ann. § 29–5–90 (Supp.1998) ("Such a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor ... on such building or structure, serves upon the owner ... a statement of a just and true account of the amount due him...."); S.C.Code Ann. § 29–5–120 (1976) ("Unless a suit for enforcing the lien is commenced ... within six months after the person desiring to avail himself thereof ceases to labor on ... such building or structures, the lien shall be dissolved.").

We therefore agree with the circuit judge that Liberty waived its right to enforce the arbitration clause by submitting the dispute to the court and availing itself of that system for two and one-half years. *See Gateway Drywall & Decorating, Inc. v. Village Constr. Co.*, 76 Ill.App.3d 812, 32 Ill.Dec. 383, 395 N.E.2d 613, 616 (1979) (finding "an arbitrable issue may in some circumstances be found to have been submitted to the court so as to waive a right to arbitration where a defendant has presented a factual issue to the court by filing an answer without asserting therein his right to arbitration"). Accordingly, the order is

**AFFIRMED.**

HOWELL, C.J., and HUFF, J., concur.