594 S.E.2d 523

**DELOITTE & TOUCHE, LLP, Appellant,**

v.

**UNISYS CORPORATION, Respondent.**

**No. 373.**

Court of Appeals of South Carolina.

Submitted Feb. 9, 2004.

Decided March 8, 2004.

Rehearing Denied April 22, 2004.

180

John E. Schmidt, III, Dwight F. Drake and C. Mitchell Brown, all of Columbia, for appellant.

James T. Hewitt, of Greenville, for respondent.

BEATTY, J.:

Deloitte & Touche, L.L.P. appeals a circuit court order denying its motion seeking arbitration. We affirm.

## FACTS

In 1996, Deloitte commenced an action against Unisys Corporation based on a contractual dispute. Unisys then gave notice of and filed a demand for arbitration. Unisys also subsequently moved to have the case dismissed under Rules 12(b)(1) and 12(b)(8), SCRCP. At the time, Deloitte was opposed to arbitration and argued against Unisys's arbitration demand. The circuit court held that Deloitte could not be forced to arbitrate its claims against Unisys, reasoning that the arbitration provision of the contract under which Unisys made its request was unenforceable under South Carolina law and incapable of being "rescued" by the Federal Arbitration Act.[1] Unisys appealed the ruling, but the appeal was dismissed as being interlocutory and premature.

Following the dismissal of the appeal, the parties resumed litigation. That process has lasted for nearly five and one-half

---

1. The Federal Arbitration Act, 9 U.S.C.A. 1, *et seq.* (2003).

years. The discovery phase has generated thousands of documents and numerous motions and hearings. A three-day "Phase I" bench trial was conducted, where Deloitte was allowed to present one of its claims.[2] The trial judge ruled in favor of Unisys. Deloitte then moved for arbitration in August 2002, shortly before Unisys was to present its counterclaims in "Phase II" of the trial. Deloitte asserted that it could "join" Unisys in "voluntary arbitration" since Unisys had continued to maintain an open file with the American Arbitration Association even after its demand for arbitration was denied.

The trial judge denied Deloitte's motion for arbitration on August 15, 2002. He found Deloitte's motion to be duplicative of Unisys's 1997 motion to compel arbitration. The trial judge reasoned that Deloitte, having successfully contested Unisys's motion nearly six years earlier, could not now argue in favor of arbitration. In the alternative, the trial judge found that Deloitte waived its right to seek arbitration by litigating the case for five and one-half years.

## ISSUES

I. Did the trial judge err in finding Deloitte's motion duplicative of Unisys's 1997 motion to compel arbitration?

II. Did the trial judge err in holding that Deloitte waived its right to seek arbitration by engaging in the litigation process?

## STANDARD OF REVIEW

The question of the arbitrability of a claim is an issue for judicial determination ... [and is] subject to de novo review. *Stokes v. Metropolitan Life Ins. Co.,* 351 S.C. 606, 609, 571 S.E.2d 711, 713 (Ct.App.2002) (citation omitted). However, the circuit court's factual findings underlying the ruling will be disturbed only if there is no evidence to reasonably support them. *Liberty Builders, Inc. v. Horton,* 336 S.C. 658, 664, 521 S.E.2d 749, 753 (Ct.App.1999).

---

2. The trial judge had granted Deloitte's 2000 motion to bifurcate the case.

## LAW/ANALYSIS

### I. Arbitration Motion

▪ Deloitte argues that the trial judge erred in finding its motion duplicative of Unisys's 1997 motion to compel arbitration. Specifically, Deloitte contends that the 1997 order merely held that Unisys could not force Deloitte into arbitration under the arbitration clause in the contract, not that the parties could not voluntarily arbitrate their dispute. Therefore, according to Deloitte, the 1997 order has "no effect in an instance, such as this, where the parties agree to arbitrate." We disagree.

▪ We note at the outset that if Unisys *were willing* to arbitrate the dispute, this current appeal would not exist. In fact, Unisys stated in its brief that there has *not* been an "open invitation" to arbitrate from Unisys since the 1997 order. Indeed, the trial judge found in his 2002 order that "[t]he arbitration has been inactive and dormant for five and one-half years, and the parties have not conducted any activity in that forum pursuant to the ruling of [the circuit court] in 1997." Deloitte maintains that parties to a dispute reserve the right to choose arbitration even after the start of litigation. And that may well be true. But such is not the case here. Unisys wanted arbitration, but Deloitte opposed it. Unisys was forced to comply with that wish following the circuit court's 1997 ruling. That Unisys has "never withdrawn its demand for arbitration" is immaterial since the motion was denied. Given that no arbitration is currently taking place between the parties, what Deloitte is attempting to do here is to force Unisys into arbitration under the contractual clause the circuit court found unenforceable in 1997.[3] We decline to do so.

We find that the trial judge did not err in ruling that Deloitte's motion was duplicative of Unisys's 1997 motion to compel arbitration.

---

3. The trial judge was correct to explain that "one circuit judge does not have the power to review, modify, affirm or reverse the findings of another circuit judge." *State ex rel Medlock v. Love Shop, Ltd.,* 286 S.C. 486, 488, 334 S.E.2d 528, 529 (Ct.App.1985).

## II. Waiver

██ Deloitte also argues that the trial judge erred in finding that Deloitte waived its right to arbitrate. Again, we disagree.

██ "It is generally held that the right to enforce an arbitration clause may be waived." *Liberty Builders*, 336 S.C. at 665, 521 S.E.2d at 753 (citation omitted). "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Id.* To establish that there has been a waiver, a party must show it has been unduly burdened by the other party's delay in seeking arbitration. *Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 351, 338 S.E.2d 631, 634 (1985).

The trial judge relied primarily on *Liberty Builders* in concluding that Deloitte waived its right to seek arbitration. There, the parties sought assistance from the trial court on numerous occasions, and submitted several motions, including motions to amend, compel, add parties, and dismiss. *Liberty Builders*, 336 S.C. at 666, 521 S.E.2d at 753. Those proceedings lasted for more than two years. *Id.* The time and work necessary to resolve these motions resulted in substantial attorneys' fees for the non-moving party. This Court found that the non-moving party was prejudiced by the delay and that the moving party had "waived its right to enforce the arbitration clause by submitting the dispute to the court and availing itself of that system for two and one-half years." *Id.* at 668, 521 S.E.2d at 754.

In the current case, Deloitte has availed itself of the litigation process for approximately five and one-half years. The parties have conducted a significant amount of discovery, resulting in the production of thousands of documents. Significantly, Deloitte has also been permitted to try one of its claims against Unisys. Therefore, just like the non-moving party in *Liberty Builders*, Unisys, the non-moving party here, has been prejudiced since it was forced to start and maintain the litigation process. The trial judge was correct in finding that Deloitte waived its right to seek arbitration.

Deloitte argues that *Liberty Builders* is not controlling because that defendant had not repeatedly argued that the

dispute should be arbitrated; it was only the plaintiff that belatedly demanded arbitration. We find this factual difference to be inconsequential. Deloitte could have submitted its case for arbitration when Unisys first sought arbitration in 1997. In fact, Deloitte could have chosen arbitration at any time, but it did not. Instead, after pursuing litigation for nearly six years, culminating in an unsuccessful trial, Deloitte now wants to compel Unisys to arbitrate. That, it cannot do.

## CONCLUSION

Based on the foregoing, the trial court's rulings are **AFFIRMED**.

HEARN, C.J., and ANDERSON, J., concur.