647 S.E.2d 249

**Brandi RHODES, Respondent,**

v.

**BENSON CHRYSLER–PLYMOUTH, INC. d/b/a Benson Chrysler–Plymouth Dodge, Inc., Appellant.**

No. 4222.

Court of Appeals of South Carolina.

Withdrawn, Substituted, and Refiled May 31, 2007.

---

124

Bradford N. Martin, Laura W.H. Teer, Lora E. Collins, and Robin Foster, of Greenville, for Appellant.

Lane W. Davis, of Greenville, for Respondent.

KITTREDGE, J.:

Benson Chrysler–Plymouth, Inc. appeals the denial of its

motion to compel arbitration. We affirm.[1] We hold a party waives its right to enforce an arbitration provision when it delays in demanding arbitration and engages in extensive discovery resulting in prejudice to the party opposing arbitration.

## I.

In April 2005, Brandi Rhodes sued Benson Chrysler–Plymouth, Inc. (Benson) for breach of contract in connection with the purchase of a vehicle.[2] Benson answered, pleading the contract contained an arbitration provision that encompassed Rhodes' allegations. Benson, however, did not promptly pursue arbitration, opting instead to engage in extensive discovery. Benson and Rhodes exchanged written interrogatories and requests for production. Benson also noticed and took five depositions. Benson sought the circuit court's assistance in executing out-of-state subpoenas, which the circuit court granted. The circuit court heard two motions for protective orders.

In February 2006, ten months after Rhodes initiated this action, Benson filed a motion to compel arbitration. Rhodes opposed Benson's attempt to resurrect its right to arbitrate under the contract. Rhodes argued Benson waived its right to compel arbitration by participating in significant discovery before pursuing arbitration. The circuit court agreed with Rhodes, and denied Benson's motion to compel arbitration. It further appears that the case was scheduled for trial before the circuit court ruled on Benson's motion to compel arbitration. Benson appeals.

## II.

"[D]etermining whether a party waived its right to arbitrate is a legal conclusion subject to de novo review; nevertheless, the circuit judge's factual findings underlying

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. According to the complaint, Rhodes agreed to purchase a properly-titled, undamaged 2001 Dodge Durango from Benson, and not the stolen, damaged 1999 Dodge Durango Rhodes received from Benson.

that conclusion will not be overruled if there is any evidence reasonably supporting them." *Liberty Builders, Inc. v. Horton,* 336 S.C. 658, 664–65, 521 S.E.2d 749, 753 (Ct.App.1999).

## III.

■■ South Carolina favors arbitration. *Gen. Equip. & Supply Co. v. Keller Rigging & Constr., Inc.,* 344 S.C. 553, 556, 544 S.E.2d 643, 645 (Ct.App.2001). The right to enforce an arbitration clause, however, may be waived. *Liberty Builders, Inc. v. Horton,* 336 S.C. 658, 665, 521 S.E.2d 749, 753 (Ct.App.1999). "In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration." *Id.* "There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case." *Id.*

■ Generally, the factors our courts consider to determine if a party waived its right to compel arbitration are: (1) whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration. These factors, of course, are not mutually exclusive, as one factor may be inextricably connected to, and influenced by, the others.

■ Thus, a party may waive its right to compel arbitration if a substantial length of time transpires between the commencement of the action and the commencement of the motion to compel arbitration. What is "a substantial length of time" varies from one case to the next, depending on the extent of discovery conducted and the corresponding presence or absence of prejudice to the party opposing arbitration. *Compare Deloitte & Touche, LLP v. Unisys Corp.,* 358 S.C. 179, 184, 594 S.E.2d 523, 526 (Ct.App.2004) (finding a five-and-a-half year period where the parties "conducted a significant amount of discovery, resulting in the production of thousands of documents" demonstrated waiver); *and Evans v. Accent Manufactured Homes, Inc.,* 352 S.C. 544, 548, 575 S.E.2d 74, 75–76 (Ct.App.2003) (finding a nineteen month period where

the parties exchanged written interrogatories, requests to produce, and the party requesting arbitration took two depositions demonstrated waiver); *and Liberty Builders,* 336 S.C. at 666, 521 S.E.2d at 753–54 (finding a two-and-a-half year period where the parties sought assistance from the court on approximately forty occasions demonstrated waiver); *with Toler's Cove Homeowners Ass'n, Inc. v. Trident Constr. Co.,* 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003) (finding a thirteen month period where discovery was "very limited in nature and the parties had not availed themselves of the court's assistance," and "Respondent had not held any depositions," did not demonstrate waiver); *and Rich v. Walsh,* 357 S.C. 64, 67, 590 S.E.2d 506, 507 (Ct.App.2003) (finding a thirteen month period where "[l]imited discovery was conducted" and the party requesting arbitration took one deposition lasting fifteen minutes did not demonstrate waiver); *and Gen. Equip.,* 344 S.C. at 557, 544 S.E.2d at 645 (finding a period of less than eight months where the "litigation consisted of routine administrative matters and limited discovery which did not involve the taking of depositions or extensive interrogatories" did not establish waiver).

To establish prejudice, the non-moving party must show something more than "mere inconvenience." *Evans,* 352 S.C. at 550, 575 S.E.2d at 76–77. To ascertain whether the non-moving party was prejudiced, our courts often examine whether the party requesting arbitration took "advantage of the judicial system by engaging in discovery." *Id.* at 548, 575 S.E.2d at 76. This inquiry, however, is just part of a broader, common sense approach our courts take to determine whether a motion to compel arbitration should be granted or denied: (1) if the parties conduct little or no discovery, then the party seeking arbitration has not taken "advantage of the judicial system," prejudice will likely not exist, and the law would favor arbitration; (2) if the parties conduct significant discovery, then the party seeking arbitration has taken "advantage of the judicial system," prejudice will likely exist, and the law would disfavor arbitration. Of course, cases do not always fit neatly into clearly defined categories, which is why our law resists a formulaic approach and motions to compel arbitration are resolved only after a fact-intensive inquiry. Accordingly, each case turns on its particular facts.

■ This case, we believe, falls between the *General Equipment* line of cases (*Toler's Cove* and *Rich*) and the *Liberty Builders* line of cases (*Evans* and *Deloitte*). Because Benson sought arbitration less than a year after Rhodes brought suit, *General Equipment* suggests that a substantial length of time may not have transpired to warrant waiver. Indeed, as cited above, there is precedent where arbitration was compelled with an even greater length of time between the commencement of the action and the commencement of the motion to compel arbitration. *See Toler's Cove*, 355 S.C. at 612, 586 S.E.2d at 585 (finding a thirteen month period did not demonstrate waiver); *Rich*, 357 S.C. at 72, 590 S.E.2d at 507 (finding a thirteen month period did not demonstrate waiver). What distinguishes this case from the *General Equipment* line of cases, however, is the extensive discovery engaged in by Rhodes and especially Benson, as well as the fact that the trial was imminent.

Benson and Rhodes exchanged written interrogatories and requests to produce. Benson also noticed and took five depositions.[3] Furthermore, before the circuit court ruled on Benson's tardy motion to compel arbitration, the chief administrative judge set the case on the trial docket for an upcoming term of court. The parties completed virtually all discovery *before* Benson moved to compel arbitration. The extent of discovery, in conjunction with the status of the case on the trial docket, provides a direct nexus to the presence and degree of prejudice sustained by Rhodes, the party opposing arbitration. We are persuaded that under the facts presented here Benson waived its right to compel arbitration.

## IV.

The record amply supports the findings of the learned special circuit court judge. Benson, with full knowledge of its right to arbitrate this dispute, cannot invoke and enjoy the full benefits of discovery and then belatedly assert a right to

---

3. Depositions entail more than "routine administrative matters," *Gen. Equip.*, 344 S.C. at 557, 544 S.E.2d at 645, and could not be considered "limited discovery" in any sense of the phrase. Certainly, taking five depositions was more than a "mere inconvenience" to Rhodes. Depositions involve substantial time, effort, and money, all of which could have been avoided if Benson had pursued arbitration earlier.

arbitrate at the eleventh hour with the case approaching trial. The order of the circuit court denying the motion to compel arbitration is

**AFFIRMED.**

ANDERSON and SHORT, JJ., concur.