THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Billy Hensley, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Carolina First
 Investments, Inc. and James T. Garrett, Jr., President, Defendants,
 
 Of whom James
 T. Garrett, Jr. is Appellant.
 
 
 
 

Appeal From York County
 S. Jackson Kimball, III, Circuit Court
Judge

Unpublished Opinion No. 2010-UP-345
 Submitted March 1, 2010  Filed June 30,
2010

AFFIRMED

 
 
 
 Richard A. Harpootlian, of Columbia, for
 Appellant.
 Daniel D. D'Agostino, of York, for
 Respondent.
 
 
 

PER CURIAM: James
 T. Garrett appeals the trial court's order denying his motion to compel
 arbitration.  We affirm.[1]  
FACTS/PROCEDURAL
 HISTORY
Billy Hensley brought this
 action against Garrett and Carolina First Investments, of which Garrett was the
 President, on June 21, 2005.  He asserted causes of action for negligence and
 violation of the South Carolina Unfair Trade Practices Act arising from
 Garrett's advice to invest his retirement funds with Thaxton Life Partners, Inc.,
 which has since filed for bankruptcy.  Garrett filed a pro se answer on September 4, 2005, asserting several affirmative defenses and a
 counterclaim.  
On October 11, 2005, Garrett
 served a motion to dismiss/stay action and compel arbitration.  He asserted he
 was entitled to arbitration under the "Senior Subordinated Term Note
 Subscription Agreement" Hensley signed when purchasing the note of Thaxton
 Life Partners.  The trial court denied the motion, finding Garrett was not a
 party to the contract that provided for arbitration.  Garrett filed a timely
 motion to alter or amend.  
Prior to the hearing on the
 motion, the parties entered into an agreement in which Garrett withdrew his
 motion to alter or amend and agreed to not appeal the court's order denying his
 motion to compel arbitration.  The parties agreed neither party would take the
 deposition of the other prior to Garrett's trial date for charges of securities
 fraud and criminal conspiracy arising from his dealings with Thaxton Life
 Partners.  The trial court incorporated the parties' agreement into an order
 filed June 2, 2006.  
The parties proceeded with
 discovery, exchanging and responding to interrogatories and requests to
 produce.  In addition, the depositions of three witnesses were scheduled, but
 these depositions were cancelled when the witnesses asserted their rights
 against self-incrimination pursuant to the Fifth Amendment of the
 United States Constitution.  Hensley filed a motion for summary judgment on
 liability, which the court denied on March 4, 2008.  
Garrett then filed a motion
 to compel arbitration on March 12, 2008.  In the motion, Garrett asserted he
 had found two cases from the Fourth Circuit Court of Appeals in which the court
 held third parties to Thaxton Life Partners' "Senior Subordinated Term
 Note Subscription Agreement"[2] could enforce the agreement's arbitration provision.    
The trial court denied the
 motion.  It found Garrett had waived his right to compel arbitration in the
 order of June 2, 2006 in which he withdrew his motion to alter or amend and
 agreed to not appeal the court's decision denying arbitration.  In addition, the
 court found Garrett had waived arbitration due to his actions in the course of
 the litigation.  Garrett filed a motion to alter or amend, which the court
 denied.  This appeal followed.  
STANDARD OF REVIEW
The determination of whether
 a party waived its right to arbitrate is a legal conclusion subject to de novo
 review.  Rhodes v. Benson Chrysler-Plymouth, 374 S.C. 122, 125, 647
 S.E.2d 249, 250 (Ct. App. 2007).  However, the trial court's factual findings
 underlying that conclusion will not be reversed if any evidence reasonably
 supporting them.  Id. at 125-26, 647 S.E.2d at 250-51.
LAW/ANALYSIS
Garrett argues the trial
 court erred in holding he had waived arbitration.  We disagree.  
The right to enforce an
 arbitration clause may be waived.  Liberty Builders, Inc. v. Horton, 336
 S.C. 658, 665, 521 S.E.2d 749, 753 (Ct. App. 1999).  "There is no set rule
 as to what constitutes a waiver of the right to arbitrate; the question depends
 on the facts of each case."  Id.

 Generally,
 the factors our courts consider to determine if a party waived its right to
 compel arbitration are:  (1) whether a substantial length of time transpired
 between the commencement of the action and the commencement of the motion to
 compel arbitration; (2) whether the party requesting arbitration engaged in
 extensive discovery before moving to compel arbitration; and (3) whether the
 non-moving party was prejudiced by the delay in seeking arbitration.  These
 factors, of course, are not mutually exclusive, as one factor may be
 inextricably connected to, and influenced by, the others.

Rhodes v. Benson Chrysler
 Plymouth, 374 S.C. 122, 126, 647
 S.E.2d 249, 251 (Ct. App. 2007).
Garrett waived arbitration by
 withdrawing his motion to alter or amend the trial court's original order
 denying arbitration and agreeing to not appeal the order.  Garrett asserts he should
 not be deemed to have waived his right to arbitration because he did not
 possess knowledge of all of the material facts when he entered into the
 agreement as he was unaware the Fourth Circuit Court of Appeals would later
 find the arbitration agreement enforceable by third parties.  We find this
 contention is without merit.  See Janasik v. Fairway Oaks Villas
 Horizontal Prop. Regime, 307 S.C. 339, 344, 415 S.E.2d 384, 387-88 (1992)
 ("Generally, the party claiming waiver must show that the party against
 whom waiver is asserted possessed, at the time, actual or constructive
 knowledge of his rights or of all the material facts upon which they depended."). 
 The Fourth Circuit's opinions did not alter the material facts of the case or
 the circumstances surrounding Garrett's waiver of arbitration.  They are merely
 judicial decisions contradicting the trial court's original order.  It was
 incumbent upon Garrett to timely appeal that order and prove to the appellate
 court the trial court's ruling was in error.  Instead, Garrett agreed to forgo
 his appeal and proceed with the litigation process.  
Over two and a half years
 passed between the commencement of this lawsuit and Garrett's current motion to
 compel arbitration.   During the course of the litigation, both parties
 submitted and responded to interrogatories and requests to produce.  In
 addition, Hensley filed two motions for summary judgment.  Thus, Hensley was
 prejudiced by Garrett's delay in seeking arbitration due to the time and
 expense incurred in engaging in discovery and preparing his motions for summary
 judgment.  
We conclude the trial court
 did not err in holding Garrett waived arbitration.  Accordingly, the trial
 court's order denying Garrett's motion to compel arbitration is 
AFFIRMED.
HUFF, THOMAS and KONDUROS,
 JJ., concur.  

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] Am. Bankers Ins. Group v. Long, 453 F.3d 623 (4th Cir. 2006); Kirsh v. Finova
 Group, 2007 WL 4481158 (4th Cir. 2007).  Hensley was a party in the Kirsh case.