**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

R&R Landscape & Design LLC f/k/a R&R Landscaping Inc. and Mark Gonzalez, Respondents,

v.

The Broadband Companies LLC, Infinity Resources Services Inc. a/k/a IRS Inc., Fred Anthony, Charles Daniels, Donald T. Reynolds, Donna Marie Seltzer, Curtis B. Anthony, and Neil Bailey, Individually, Defendants,

Of Whom, The Broadband Companies LLC, Infinity Resources Services Inc, Fred Anthony, Donald Reynolds, Donna Marie Seltzer, Curtis B. Anthony, and Neil Bailey are the Appellants.

Appellate Case No. 2011-197294

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2012-UP-588
Submitted October 1, 2012 – Filed October 31, 2012

**AFFIRMED**

William Michael Gruenloh, of Cone Gruenloh Law Firm, LLC, of Charleston, for Appellants.

Ivon Keith McCarty, of McCarty Law Firm, LLC, of Charleston, and Brian Morris Knowles, of Knowles Law Firm, of Summerville, for Respondents.

---

**PER CURIAM:** We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 126, 647 S.E.2d 249, 251 (Ct. App. 2007) ("Generally, the factors our courts consider to determine if a party waived its right to compel arbitration are: (1) whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration."); *Davis v. KB Home of S.C., Inc.,* 394 S.C. 116, 132, 713 S.E.2d 799, 807 (Ct. App. 2011) ("No other South Carolina case has found that a party did not waive their rights to compel arbitration after a year and a half of litigation."); *Rhodes*, 374 S.C. at 127, 647 S.E.2d at 251 ("To ascertain whether the non-moving party was prejudiced, our courts often examine whether the party requesting arbitration took advantage of the judicial system by engaging in discovery.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.