**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, National Association, successor in interest by merger to Wachovia Bank, National Association, Respondent,

v.

EGIS 521, LLC, Peter James Menkhaus, Stephanie L. Menkhaus, Nancy T. Jenkins, Individually and as Trustee of the Don A. Jenkins T/U/W and as Personal Representative of the Estate of Don A. Jenkins, Bellsouth Carolina PCS, LP, n/k/s Bellsouth Mobility DCS, LP, Commercial Products, Mark A. Ciminelli, Mark E. Carpenter, Ronald C. Mariello, Defendents,

Of whom EGIS 521, LLC, Mark A. Ciminelli, Mark E. Carpenter, and Ronald C. Mariello are the Appellants.

Appellate Case No. 2011-194326

-----

Appeal From Lancaster County
Clyde N. Davis, Jr., Special Referee

-----

Unpublished Opinion No. 2012-UP-677
Submitted December 3, 2012 – Filed December 19, 2012

-----

**AFFIRMED**

-----

Philip E. Wright, of Lancaster, for Appellants.

Frank Knowlton, William C. Wood, Jr., and Michael J. Anzelmo, all of Nelson Mullins Riley & Scarborough, LLP, all of Columbia, for Respondent.

---

**PER CURIAM:**  EGIS 521, LLC, Mark A. Ciminelli, Mark E. Carpenter, and Ronald C. Mariello (collectively "EGIS") appeal the trial court's order denying their motion to compel arbitration, arguing the trial court erred in finding they waived their right to demand arbitration.  We affirm.

"'[D]etermining whether a party waived its right to arbitrate is a legal conclusion subject to de novo review; nevertheless, the [trial court's] factual findings underlying that conclusion will not be overruled if there is any evidence reasonably supporting them.'"  *Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 125-26, 647 S.E.2d 249, 250-51 (Ct. App. 2007) (quoting *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 664-65, 521 S.E.2d 749, 753 (Ct. App. 1999)).

Although South Carolina favors arbitration, a party may waive their right to enforce an arbitration clause.  *See Rhodes*, 374 S.C. at 126, 647 S.E.2d at 251.  "Arbitration laws are passed in order to expedite the settlement of disputes and should not be used as a means of furthering and extending delays."  *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 550, 575 S.E.2d 75, 76 (Ct. App. 2003).  "'In order to establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration.'"  *Rhodes*, 374 S.C. at 126, 647 S.E.2d at 251(quoting *Liberty Builders, Inc.,* 336 S.C. at 665, 521 S.E.2d at 753).

There are three factors a court generally considers when determining whether a party has waived its right to compel arbitration.  *See Rhodes*, 374 S.C. at 126, 647 S.E.2d at 251.  First, the court considers "whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration."  *Id.*  Second, the court examines "whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration."  *Id.*  Additionally, this court has previously examined whether the case is on the trial docket at the time of a party's motion to compel arbitration in analyzing this second factor.  *Id.* at 128, 647 S.E.2d at 252.  Finally, the court

considers "whether the non-moving party was prejudiced by the delay in seeking arbitration." *Id.* at 126, 647 S.E.2d at 251.

Under these facts, we hold the trial court did not err in finding EGIS waived arbitration. Approximately sixteen months passed between the commencement of this commercial foreclosure action and EGIS's motion to compel arbitration. EGIS enjoyed the benefit of discovery and the parties availed themselves of the trial court's assistance before EGIS's demand for arbitration after the case was scheduled for trial. Wells Fargo Bank (Bank) was prejudiced by EGIS's delay in seeking arbitration due to the time and expense incurred by Bank in engaging in discovery and preparing its motion to compel and motion for summary judgment. Additionally, the length of delay in demanding arbitration and EGIS's availment of the benefit of the discovery process, in conjunction with the status of the case approaching trial, provides a direct nexus to the presence and degree of prejudice sustained by Bank. *Compare Rhodes*, 374 S.C. at 128-29, 647 S.E.2d at 252 (holding a party waived its right to demand arbitration, although the demand for arbitration occurred after only ten months, because the parties engaged in extensive discovery and the demand for arbitration was made after the case was scheduled for trial), *and Evans*, 352 S.C. at 548, 575 S.E.2d at 75-76 (holding a party waived its right to demand arbitration because the litigation lasted nineteen months before the demand occurred, the parties exchanged written interrogatories and requests to produce, the party requesting arbitration took two depositions, and the opposing party suffered prejudice because the movant obtained information that would not have been otherwise available in arbitration), *with Toler's Cove Homeowners Ass'n, Inc. v. Trident Constr. Co.*, 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003) (holding the party demanding arbitration did not waive its right to demand arbitration, despite the litigation lasting thirteen months, because discovery was limited in nature, the parties had not availed themselves of the court's assistance, and the parties had not held any depositions), *and Rich v. Walsh*, 357 S.C. 64, 67, 73, 590 S.E.2d 506, 507, 511 (Ct. App. 2003) (holding there was no waiver where, after one year of litigation, the parties conducted limited discovery and a deposition lasting only fifteen minutes, during which the party ultimately demanding arbitration notified the other side of its intention to demand arbitration), *and Gen. Equip. & Supply Co. v. Keller Rigging & Constr., SC, Inc.*, 344 S.C. 553, 557, 544 S.E.2d 643, 645 (Ct. App. 2001) (holding the party demanding arbitration did not waive its right to demand arbitration after eight months, where the "litigation consisted of routine administrative matters and limited discovery [that] did not involve the taking of depositions or extensive interrogatories").

Accordingly, the trial court's order denying EGIS's motion to compel arbitration is affirmed.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.