**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Walton, Respondent,

v.

Mitchell L. Bagwell, Appellant.

Appellate Case No. 2013-000882

―――――――――

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-243
Submitted March 1, 2015 – Filed May 6, 2015

―――――――――

**AFFIRMED**

―――――――――

Kraig Alan Pringle, of Kraig A. Pringle, Attorney at Law,
of Greenville, for Appellant.

Larry C. Brandt, of Larry C. Brandt, P.A., of Walhalla,
for Respondent.

―――――――――

**PER CURIAM:** Mitchell Bagwell appeals the trial court's order finding he breached his lease agreement with John Walton and awarding Walton $51,660.00 in damages and attorney's fees and costs. On appeal, Bagwell argues the trial court erred by (1) finding Bagwell unilaterally breached the contract; (2) disregarding his

arguments for estoppel, misrepresentation, unclean hands, frustration of purpose, impracticality, and impossibility regarding the lease; (3) finding the use restrictions clause in the lease was unambiguous and disregarding parol evidence; (4) miscalculating the damages; and (5) failing to compel arbitration as required in the lease contract.[1]  We affirm.[2]

1.  We find the facts support the trial court's determination that Bagwell unilaterally breached the contract.  *See Sapp v. Wheeler*, 402 S.C. 502, 507, 741 S.E.2d 565, 568 (Ct. App. 2013) ("An action for breach of contract seeking money damages is an action at law."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 89-90, 594 S.E.2d 485, 491 (Ct. App. 2004) ("'In an action at law, on appeal of a case tried without a jury, the findings of fact of the [trial court] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [trial court's] findings.'" (quoting *Townes Assocs. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976))).  Bagwell admitted he did not perform as the contract required, and he offered no proof Walton, the only other signatory to the contract, was involved in allegedly cancelling the contract.

2.  We find Bagwell's claim that the trial court improperly disregarded his arguments for estoppel, misrepresentation, unclean hands, frustration of purpose, impracticality, and impossibility regarding the lease is not preserved.  Although Bagwell raised these defenses at trial, the trial court issued only a general ruling that the defenses "are not supported by the evidence and do not afford Defendant a legal excuse for terminating the [l]ease."  This is not sufficient to preserve the issue for appellate review.  *See Shealy v. Aiken Cnty.*, 341 S.C. 448, 460, 535 S.E.2d 438, 444-45 (2000) (stating a "trial [court]'s general ruling is insufficient to preserve the specific issue for appellate review" and if no Rule 59(e), SCRCP, motion is filed requesting a ruling on a particular issue, the appellate court may not address it); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (requiring that where a party raises an issue to the trial court but the trial court does

---

[1] In his issues on appeal, Bagwell lists a sixth issue, arguing the trial court's disclosure of a personal relationship with Walton after his direct and cross examination was improper.  However, he does not address this issue in his brief.  Therefore, this issue is abandoned.  *See Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) (finding an issue abandoned when it was listed in the appellant's statement of issues on appeal but not addressed in the brief).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

not rule on it, the party must raise the issue in a Rule 59(e), SCRCP, motion in order to preserve it for appeal). As to the argument that the trial court erred in disregarding his defenses generally, we find the issue abandoned because Bagwell provides no citation to legal authority or citation to specific testimony that supports his claim. *See Hunt v. Forestry Comm'n*, 358 S.C. 564, 573, 595 S.E.2d 846, 851 (Ct. App. 2004) ("Issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 327 n.1, 730 S.E.2d 282, 284 n.1 (2012) (finding an issue abandoned when the argument in appellant's brief was "purely a recitation of facts, devoid of any citation to legal authority," resulting in a summary conclusion); *Ellie, Inc.*, 358 S.C. at 99, 594 S.E.2d at 496 (finding an issue abandoned where appellants failed to cite any supporting authority for their position and all arguments were merely conclusory statements).

3. We find the issue of whether the language in the use restrictions clause is ambiguous and whether the trial court gave proper weight to parol evidence is irrelevant to the trial court's finding that Bagwell is liable to Walton for breaching the lease agreement. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review issues when its determination of a prior issue is dispositive of the appeal).

4. We find Bagwell's argument that the trial court miscalculated the damages award is unpreserved. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("Further, it is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error.").

5. We find the trial court did not err in determining Bagwell waived his right to enforce arbitration because although he raised arbitration in his answer and in his closing arguments at trial, he never moved for the court to compel arbitration. *See Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 126, 647 S.E.2d 249, 251 (Ct. App. 2007) (stating a party may waive its right to enforce arbitration); *id.* at 127, 647 S.E.2d at 251-52 (stating that "if the parties conduct significant discovery, then the party seeking arbitration has taken advantage of the judicial system, prejudice will likely exist, and the law would disfavor arbitration" (internal quotation marks omitted)); *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 667-68,

521 S.E.2d 749, 754 (Ct. App. 1999) (finding the plaintiff waived its right to enforce the arbitration clause by submitting the dispute to the court and availing itself of that system for two and one-half years before moving to stay the trial court action in favor of arbitration).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**