**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joyce Myers, Respondent,

v.

Titlemax of South Carolina, Inc. and Affordable Recovery Solutions a/k/a ARS, Defendants,

Of which Affordable Recovery Solutions a/k/a ARS is the Appellant.

Appellate Case No. 2015-001401

---

Appeal From Allendale County
Perry M. Buckner, III, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-098
Heard February 8, 2017 – Filed March 8, 2017

---

**AFFIRMED**

---

Patrick M. Higgins, of Howell, Gibson & Hughes, P.A., of Beaufort, for Appellant.

Mark Brandon Tinsley, of Gooding & Gooding, P.A., of Allendale, and Robert Norris Hill, of Law Office of Robert Hill, of Lexington, for Respondent.

_____

**PER CURIAM:**   In this negligence action, Appellant Affordable Recovery Solutions seeks review of the circuit court's order denying Appellant's motion to compel arbitration.  Appellant argues the circuit court erred in concluding there was no significant relationship between Respondent Joyce Myers' tort claims and the loan agreements containing the arbitration clause in question.  Appellant also argues the circuit court erred in concluding the alleged torts were unforeseeable when Myers executed the loan agreements.  Myers raises two additional sustaining grounds: (1) Appellant cannot enforce the arbitration clause because Appellant lacks privity with Myers and (2) Appellant waived any right it has to enforce the arbitration clause.  We affirm.

"There is no set rule as to what constitutes a waiver of the right to arbitrate; the question depends on the facts of each case."  *Toler's Cove Homeowners Ass'n v. Trident Constr. Co.*, 355 S.C. 605, 612, 586 S.E.2d 581, 585 (2003).

> *Generally*, the factors our courts consider to determine if a party waived its right to compel arbitration are: (1) whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration.  These factors, of course, are not mutually exclusive, as one factor may be inextricably connected to, and influenced by, the others.

> Thus, a party may waive its right to compel arbitration if a substantial length of time transpires between the commencement of the action and the commencement of the motion to compel arbitration.  What is "a substantial length of time" varies from one case to the next, *depending on the extent of discovery conducted and the corresponding presence or absence of prejudice to the party opposing arbitration.*

*Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 126, 647 S.E.2d 249, 251 (Ct. App. 2007) (emphases added).  In evaluating prejudice,

> our courts often examine whether the party requesting arbitration took "advantage of the judicial system by engaging in discovery."  This inquiry, however, is just part of a broader, common sense approach our courts take to determine whether a motion to compel arbitration should be granted or denied: (1) if the parties conduct little or no discovery, then the party seeking arbitration has not taken "advantage of the judicial system," prejudice will likely not exist, and the law would favor arbitration; (2) *if the parties conduct significant discovery, then the party seeking arbitration has taken "advantage of the judicial system," prejudice will likely exist, and the law would disfavor arbitration.*  Of course, cases do not always fit neatly into clearly defined categories, which is why our law resists a formulaic approach and motions to compel arbitration are resolved only after a fact-intensive inquiry.  Accordingly, each case turns on its particular facts.

*Id.* at 127, 647 S.E.2d at 251–52 (emphasis added) (citation omitted) (quoting *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 548, 575 S.E.2d 74, 76 (Ct. App. 2003)).

Here, Myers did not serve Appellant with the Complaint until March 10, 2014, several months after she filed it.  Further, Appellant asserts it filed its motion to compel within six days of learning of the arbitration agreement's existence through TitleMax's response to Myers' Request for Production in August 2014.  Therefore, we evaluate only those actions of Appellant that post-date its belated detection of the arbitration agreement in August 2014.  *See Eason v. Eason*, 384 S.C. 473, 480, 682 S.E.2d 804, 807 (2009) ("Waiver is a voluntary and intentional abandonment or relinquishment of a known right." (quoting *Parker v. Parker*, 313 S.C. 482, 487, 443 S.E.2d 388, 391 (1994))); *id.* ("Stated differently, waiver requires a party to have known of a right and known he was abandoning that right.").

Nonetheless, several weeks *after* filing the motion to compel arbitration, Appellant took Myers' deposition, allowed the deposition of one of its employees

to be taken, participated in the deposition of another witness, and subsequently participated in mediation. This conduct unfairly prejudiced Myers by (1) depriving her of the time and money required to participate in the depositions and the mediation and (2) "obtaining information from her it might not have been able to otherwise obtain" in arbitration. *Evans*, 352 S.C. at 551, 575 S.E.2d at 77 (recognizing the appellant "persisted with discovery by deposing [the respondent] *after*" moving to compel arbitration and, thus, "availed itself of discovery tools unavailable in arbitration, thereby prejudicing [the respondent] by obtaining information from her it might not have been able to otherwise obtain" (emphasis added)); *see id.*, *cited with approval in Johnson v. Heritage Healthcare of Estill, LLC*, 416 S.C. 508, 514, 788 S.E.2d 216, 219 (2016) (holding that the appellant, "[a]s the party seeking arbitration, . . . bore the onus to halt discovery by seeking the court's protection" under Rule 26(c)(1), SCRCP)[1]; *id.* (holding the appellant's "prolongation of discovery necessitated [the respondent's] pursuit of discovery, thereby forcing her to incur costs she would not have incurred in arbitration"); *see also Rhodes*, 374 S.C. at 128 n.3, 647 S.E.2d at 252 n.3 ("Depositions involve substantial time, effort, and money . . . .").

Based on the foregoing, we conclude Appellant waived any right it had to enforce the arbitration clause in Myers' loan agreements, and we affirm the circuit court's order on this basis. *See* Rule 220(c), SCACR (stating the appellate court may affirm for any reason appearing in the record on appeal). Therefore, we need not reach the remaining issues in this appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address the remaining issues on appeal when resolution of a prior issue is dispositive).

---

[1] Rule 26(c)(1) states, in pertinent part,

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the circuit where the deposition is to be taken may make any order which justice requires *to protect a party* or person *from* annoyance, embarrassment, oppression, or *undue burden by expense*, including one or more of the following: (1) that the discovery not be had . . . .

(emphases added).

**AFFIRMED.**

**GEATHERS and MCDONALD, JJ., and MOORE, A.J., concur.**