**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrew and Kimberly McIntire, Appellants,

v.

Seaquest Development Company, Inc.; Red Bay Constructors Corp.; Benzenberg Custom Cabinets, Inc.; Jonathan Marshall Construction; Coastal Window & Door Center of Charleston, LLC; Carolina Window & Millwork, LLC n/k/a Carolina Window & Millwork-Omni Glass Industries, LLC; Southcoast Exteriors, Inc.; Michael Casteen d/b/a Casteen Custom Cabinets; Quality Cedar Products, Inc. of Michigan d/b/a Michigan Prestain Co.; Coastal Plumbing & Gas, LLC; Foam Insulation Co. Inc.; Jerry Comer d/b/a Jerry's Tile & Marble, LLC; Lowcountry Fireplaces, Inc; Carolina Pest Solutions, Inc.; New South Construction Supply, LLC, Defendants,

Of which Seaquest Development Company, Inc. is the Respondent.

Appellate Case No. 2017-001270

———

Appeal From Charleston County
Jean Hoefer Toal, Circuit Court Judge

———

Opinion No. 2019-UP-413
Heard November 5, 2019 – Filed December 31, 2019

———

**REVERSED AND REMANDED**

Andrew K. Epting, Jr., Jaan Gunnar Rannik, and Michelle N. Endemann, all of Andrew K. Epting, Jr., LLC, of Charleston, for Appellant.

Edward D. Buckley, Jr., Stephen Lynwood Brown, Jason Alan Daigle, and Russell Grainger Hines, all of Young Clement Rivers, LLP, of Charleston, for Respondent.

**PER CURIAM:** In this residential construction defect case, Andrew and Kimberly McIntire (the McIntires) appeal from the trial court's denial of their motion to compel arbitration with general contractor Seaquest Development Company, Inc. (Seaquest). The McIntires argue the trial court erred in (1) not ordering the dispute to arbitration when the parties' contract contained a valid arbitration clause; (2) addressing issues of statute of limitations, right to cure, and waiver when the court's sole jurisdiction was to decide the question of arbitrability; and (3) dismissing the case for failure to comply with the South Carolina Notice and Opportunity to Cure Construction Dwelling Defects Act ("Right to Cure Act").[1] We reverse and remand the case for arbitration.

**FACTS**

The McIntires entered into a written contract with Seaquest for the construction of a home in Mount Pleasant in August 2007. A certificate of occupancy was issued in September 2008. On April 8, 2016, the McIntires filed an action against Seaquest, alleging defects in the home's construction and asserting causes of action for negligence and gross negligence, breach of warranty of habitability, negligent misrepresentation and constructive fraud, and breach of warranty of good and workmanlike work. Prior to bringing the action, the McIntires had discovered a number of alleged construction defects in their home and hired experts and began repairs without notifying Seaquest. The repairs were substantially completed before the lawsuit was filed or were completed soon thereafter.

On June 17, 2016, Seaquest filed a motion to dismiss or stay proceedings, arguing the McIntires failed to comply with the Right to Cure Act. On July 27, 2016, the McIntires filed a motion to stay and compel arbitration. The McIntires also filed a

---

[1] S.C. Code Ann. § 40-59-810, *et seq.* (2011).

motion on August 15, 2016, seeking an order staying their responses to Seaquest's requests for admission until the court ruled on Seaquest's motion.  After a hearing on October 13, 2016, the trial court granted Seaquest's motion to dismiss and denied the McIntires' motion to compel arbitration.  This appeal follows.

## STANDARD OF REVIEW

Unless the parties otherwise provide, the question of the arbitrability of a claim is an issue for judicial determination.  *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001).  Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the trial court's factual findings, this court will not overrule those findings.  *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002).

## LAW/ANALYSIS

### I.      Arbitration

The McIntires argue the trial court erred in not ordering the dispute to arbitration when the parties' contract contained a valid arbitration clause.  We agree.

"The initial inquiry to be made by the trial court is whether an arbitration agreement exists between the parties."  *Hous. Auth. of the City of Columbia v. Cornerstone Hous., LLC*, 356 S.C. 328, 334, 588 S.E.2d 617, 620 (Ct. App. 2003). "Arbitration is available only when the parties involved contractually agree to arbitrate."  *Towles v. United Healthcare Corp.*, 338 S.C. 29, 37, 524 S.E.2d 839, 843-44 (Ct. App. 1999).  Arbitration will be denied if a court determines no agreement to arbitrate existed.  S.C. Code Ann. § 15-48-20(a) (2005) ("On application of a party showing an agreement described in § 15-48-10, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.").  "There is a strong presumption in favor of the validity of arbitration agreements because both state and federal policy favor arbitration of disputes."  *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24, 644 S.E.2d 663, 668 (2007).

The written contract between the McIntires and Seaquest provides at the top of the contract:

> WARNING: THIS AGREEMENT [IS] SUBJECT TO BINDING ARBITRATION IN THE STATE OF SOUTH CAROLINA, CITY OF CHARLESTON, UNDER THE SOUTH CAROLINA UNIFORM ARBITRATION ACT (CODE SEC. 15-48-10, ET SEQ.).

The contract further provides, "AIA Document A201 – 1997 General Conditions of the Contract for construction is adopted in this document by reference."  AIA Document A201, section 4.6 states that "[a]ny Claim arising out of or related to the Contract . . . shall . . . be subject to arbitration."

The right to enforce an arbitration clause may be waived.  *Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 126, 647 S.E.2d 249, 251 (Ct. App. 2007).  In *Rhodes*, this court stated three factors our courts consider to determine if a party waived its right to compel arbitration:

> (1) whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration.  These factors, of course, are not mutually exclusive, as one factor may be inextricably connected to, and influenced by, the others.

*Id.*

"[T]o establish waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration." *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 665, 521 S.E.2d 749, 753 (Ct. App. 1999).  "To establish prejudice, the non-moving party must show something more than 'mere inconvenience.'" *Rhodes*, 374 S.C. at 127, 647 S.E.2d at 251 (quoting *Evans v. Accent Manufactured Homes, Inc.*, 352 S.C. 544, 550, 575 S.E.2d 74, 76-77 (Ct. App. 2003)).  "To ascertain whether the non-moving party was prejudiced, our courts often examine whether the party requesting arbitration took 'advantage of the judicial system by engaging

in discovery.'" *Id.* (quoting *Evans*, 352 S.C. at 548, 575 S.E.2d at 76). "'[A] substantial length of time' varies from one case to the next, depending on the extent of discovery conducted and the corresponding presence or absence of prejudice to the party opposing arbitration." *Id.* at 126, 647 S.E.2d at 251. "Of course, cases do not always fit neatly into clearly defined categories, which is why our law resists a formulaic approach and motions to compel arbitration are resolved only after a fact-intensive inquiry. Accordingly, each case turns on its particular facts." *Id.* at 127, 647 S.E.2d at 252.

The trial court found the McIntires had "engaged in extensive discovery in that they retained forensic and construction liability and repair experts to investigate, document, and repair the alleged defects at their house." The repairs to the McIntires' home were substantially completed prior to the filing of the motion to compel arbitration, which the court found resulted in material prejudice to Seaquest because it precluded "Seaquest from investigating, inspecting, and/or challenging the McIntires' claims." The trial court also found a "substantial amount of time transpired between the time the McIntires engaged their experts and the time they moved to compel arbitration."

The McIntires argue the trial court erred in finding they waived their arbitration right because hiring a contractor to inspect and repair issues with their residence does not amount to engaging in discovery. The McIntires also argue the trial court erred in focusing on the amount of time between when the McIntires engaged their experts and the filing of the motion to compel arbitration, instead of on the amount of time between the filing of the suit and the filing of the motion as set forth in *Rhodes*, 374 S.C. at 126, 647 S.E.2d at 251.

Based on our review, we find the evidence in the record does not support the trial court's finding that the McIntires participated in discovery, much less "extensive discovery," or retained "forensic and construction liability and repair experts." Also, the McIntires moved to compel arbitration on July 27, 2016, two days after they received notice the last defendant had been served with their complaint.[2] The complaint was filed on April 8, 2016. Thus, we find a "substantial length of time" did not occur between the commencement of the action and the commencement of the motion to compel arbitration. Accordingly, we reverse on this issue and remand the case for arbitration.

---

[2] The McIntires' counsel told the court it took a while to serve all the defendants because many of the defendant companies were out of business.

## II.    Jurisdiction and Right to Cure Act

The McIntires argue the trial court erred in addressing the issues of statute of limitations, Right to Cure Act, and waiver when the court's sole jurisdiction was to decide the question of arbitrability.  The McIntires also argue the trial court erred in dismissing the case for failure to comply with the Right to Cure Act.

Because we already determined the trial court erred in finding the McIntires waived their arbitration right and remand for arbitration, we need not address these issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the decision of the trial court is

**REVERSED and REMANDED.**

**SHORT, THOMAS, and GEATHERS, JJ., concur.**