**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Everett Samuel, Jr., Respondent,

v.

Schumacher Homes of South Carolina, Heather McCarley, and Dave Boldman, Appellants.

Appellate Case No. 2019-001972

———————

Appeal From Darlington County
Roger E. Henderson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-148
Submitted March 17, 2022 – Filed March 23, 2022

———————

**AFFIRMED**

———————

Kenneth Michael Barfield and John William Fletcher, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Appellants.

Vincent Austin Sheheen and Gregory Brian Collins, both of Savage Royall & Sheheen, of Camden, for Respondent.

———————

**PER CURIAM:** Schumacher Homes of South Carolina, Heather McCarley, and Dave Boldman (collectively, Appellants) appeal the circuit court's denial of their

motion to dismiss Everett Samuel, Jr.'s action against them and compel arbitration. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the issue of waiver of arbitration through litigation is one for the court to decide rather than arbitrators.  We find Appellants' reliance on *BG Group, PLC v. Republic of Argentina* is misplaced because the waiver defenses the Supreme Court held were for arbitrators to decide did not include waiver of arbitration through litigation.  *See BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 35 (2014) (stating procedural matters including claims of "waiver, delay, or a like defense to arbitrability" are for arbitrators to decide (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983))); *Glass v. Kidder Peabody & Co.* 114 F.3d 446, 455 n.62 (4th Cir. 1997) (noting these defenses bear "no relation to the 'default' a party may cite to contest a stay of litigation under section 3 of the [Federal Arbitration Act]"); 9 U.S.C.A. § 3 (West) (stating the courts should stay an action which involves "any issue referable to arbitration under an agreement in writing for such arbitration" until arbitration is completed, "*providing the applicant for the stay is not in default in proceeding with such arbitration*" (emphasis added)); *Glass*, 114 F.3d at 455 n.62 (stating section 3 default, which may be considered by the court, "encompasses the limited range of circumstances when a party seeking arbitration has 'substantially utiliz[ed] the litigation machinery' before pursuing arbitration, and permitting the moving party to arbitrate would seriously 'prejudice the party opposing the stay'" (alteration in original) (quoting *Maxum Founds. Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir.1985))). In addition, we hold the delegation provision, which stated the arbitrators would "determine all issues regarding the arbitrability of the dispute" did not provide "'clear and unmistakable' evidence" that the parties intended to delegate the issue of waiver to the arbitrators.  *See Doe v. TCSC, LLC*, 430 S.C. 602, 608, 846 S.E.2d 874, 877 (Ct. App. 2020) ("The parties may . . . delegate . . . gateway issues to an arbitrator as long as there is 'clear and unmistakable' evidence of such delegation.").

2.  We hold the circuit court correctly ruled Samuel met his burden of establishing Appellants waived their right to arbitration because Appellants took advantage of the judicial system causing prejudice to Samuel.  *See Rhodes v. Benson Chrysler–Plymouth, Inc.*, 374 S.C. 122, 125-26, 647 S.E.2d 249, 250-51 (Ct. App. 2007) ("[D]etermining whether a party waived its right to arbitrate is a legal conclusion subject to de novo review; nevertheless, the circuit [court's] factual findings underlying that conclusion will not be overruled if there is any evidence reasonably supporting them." (quoting *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 664-65, 521 S.E.2d 749, 753 (Ct. App. 1999))); *Johnson v. Heritage Healthcare of Estill,*

*LLC*, 416 S.C. 508, 513, 788 S.E.2d 216, 218 (2016) ("The party seeking to establish waiver has the burden of showing prejudice through an undue burden caused by a delay in the demand for arbitration." (quoting *Gen. Equip. & Supply Co. v. Keller Rigging & Constr., S.C., Inc.*, 344 S.C. 553, 556, 544 S.E.2d 643, 645 (Ct. App. 2001))). The case was pending for over two years and was eligible for trial according to the parties' consent scheduling order before Appellants moved to compel arbitration, and the parties engaged in mediation and significant discovery, including multiple depositions, upon which Samuel expended time and expense. *See Rhodes*, 374 S.C. at 126, 647 S.E.2d at 251 (stating courts generally consider three factors when determining whether a party waived its right to compel arbitration, which are "(1) whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration"); *id.* at 128 n.3, 647 S.E.2d at 252 n.3 ("Depositions involve substantial time, effort, and money, all of which could have been avoided if [the appellant] had pursued arbitration earlier."); *id.* at 128, 647 S.E.2d at 252 (holding "[t]he extent of discovery, in conjunction with the status of the case on the trial docket, provide[d] a direct nexus to the presence and degree of prejudice sustained by . . . the party opposing arbitration"). We hold the no-waiver provision incorporated into the Agreement from the Construction Industry Arbitration Rules of the American Arbitration Association did not prevent the circuit court from holding Appellants waived their right to arbitration. *See Liberty Builders*, 336 S.C. at 666, 521 S.E.2d at 754 ("[A] 'no waiver' rule does not prevent a waiver where participation in a judicial proceeding has caused prejudice to an adversary." (quoting *McMillin Dev., Inc. v. Home Buyers Warranty*, 80 Cal. Rptr. 2d 611, 617 (Cal. Ct. App. 1998))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.