**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Arlene Gariepy, Lee Gariepy, Kimberlee Elliott and Noah Gariepy, Respondents,

v.

Midgard Self Storage Seneca SC, LLC and Reliant Real Estate Management, LLC, Appellants.

Appellate Case No. 2024-001841

———

Appeal From Oconee County
R. Scott Sprouse, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-111
Submitted February 3, 2026 – Filed March 11, 2026

———

**AFFIRMED**

———

Brett Harris Bayne and Samantha Ann Sanders Owen, both of McAngus Goudelock & Courie, LLC, of Columbia, for Appellants.

Matthew Thomas Reitz, of Uricchio Howe Krell Jacobson Toporek Theos & Keith, PA, of Charleston, for Respondents.

———

**PER CURIAM:** Midgard Self Storage Seneca SC, LLC, and Reliant Real Estate Management, LLC (collectively, Appellants) appeal the circuit court's order denying their motion to compel arbitration. On appeal, Appellants argue the circuit court erred in denying their motion because it improperly found Appellants waived their right to arbitration. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in denying Appellants' motion to compel arbitration because Appellants waived their right to arbitrate. In their answer, Appellants initially requested a jury trial; over three hundred days elapsed between when Respondents initiated litigation and when Appellants filed their motion to compel arbitration; and Appellants participated in extensive written discovery and depositions, which prejudiced Respondents. *See Rhodes v. Benson Chrysler-Plymouth, Inc.*, 374 S.C. 122, 125-26, 647 S.E.2d 249, 250-51 (Ct. App. 2007) ("[D]etermining whether a party waived its right to arbitrate is a legal conclusion subject to de novo review; nevertheless, the circuit [court]'s factual findings underlying that conclusion will not be overruled if there is any evidence reasonably supporting them." (first alteration in original) (quoting *Liberty Builders, Inc. v. Horton*, 336 S.C. 658, 664-65, 521 S.E.2d 749, 753 (Ct. App. 1999))); *id.* at 126, 647 S.E.2d at 251 ("The right to enforce an arbitration clause . . . may be waived."); *id.* ("In order to establish a waiver, a party must show prejudice through an undue burden caused by delay in demanding arbitration." (quoting *Liberty Builders*, 336 S.C. at 665, 521 S.E.2d at 753)); *id.* ("Generally, the factors our courts consider to determine if a party waived its right to compel arbitration are: (1) whether a substantial length of time transpired between the commencement of the action and the commencement of the motion to compel arbitration; (2) whether the party requesting arbitration engaged in extensive discovery before moving to compel arbitration; and (3) whether the non-moving party was prejudiced by the delay in seeking arbitration. These factors, of course, are not mutually exclusive, as one factor may be inextricably connected to, and influenced by, the others."); *id.* ("What is 'a substantial length of time' . . . depend[s] on the extent of discovery conducted and the corresponding presence or absence of prejudice to the party opposing arbitration."); *id.* at 127, 647 S.E.2d at 251 ("[I]f the parties conduct little or no discovery, then the party seeking arbitration has not taken 'advantage of the judicial system,' prejudice will likely not exist, and the law would favor arbitration[; however,] if the parties conduct significant discovery, then the party seeking arbitration has taken 'advantage of the judicial system,' prejudice will likely exist, and the law would disfavor arbitration."); *id.* at 128, 647 S.E.2d at 252 (finding "a direct nexus to the presence and degree of prejudice" was sustained by

the plaintiff because the parties exchanged written interrogatories and requests to produce and took five depositions).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.